# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| VALENTINO GRAHAM, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DIVISION OF REHABILITATION )<br>SERVICES of the DEPARTMENT )<br>OF HUMAN SERVICES OF THE )<br>STATE OF ILLINOIS; ROBERT )<br>O'BRIEN, in His Individual and )<br>Official Capacity, and JANET WILSON, )<br>in Her Individual and Official )<br>Capacity, )<br>)<br>Defendants. ) | Case No. 05-1355 |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. For the reasons set forth below, Defendants' motion [#17] is GRANTED IN PART and DENIED IN PART.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983.

## PROCEDURAL HISTORY

The background facts were set forth in this Court's Order on Defendants' First Motion to Dismiss. Accordingly, the Court will not reiterate those facts here. Suffice it to say that Graham filed a complaint in this Court alleging that Defendants O'Brien and Wilson (1) discriminated against him by subjecting him to a hostile work environment because he is African American;

and (2) retaliated against him for filing the September 16, 2003, internal EEO claim. Graham also brought a Title VII retaliation claim against the Division of Rehabilitative Services of the State of Illinois alleging that the Division, acting through its agents, retaliated against him in violation of Title VII.

On February 10, 2006, Defendants filed the first Motion to Dismiss. This Court issued an Order on May 5, 2006, granting Defendants' motion in part and denying the motion in part. Specifically, the Court found that Graham's § 1983 claims were not barred by the statute of limitations that Graham had adequately alleged that Defendant Wilson was personally involved in creating an alleged hostile work environment, and that the limited facts before the Court on a motion to dismiss prevented the Court from ruling on Defendants' claims that Defendant Wilson was entitled to absolute or qualified immunity. Additionally, the Court found that Graham's Title VII claims were not clearly presented and directed Graham to file an amended complaint stating the nature and basis of each of his claims arising under Title VII. Moreover, because of the confusing nature of the Title VII claims in the Complaint, the Court declined to address Defendants' arguments regarding whether Graham adequately alleged an adverse employment action and whether his claims were outside the scope of his EEOC charge. Finally, the Court declined to rule on the issue of whether injunctive relief, such as that requested by Graham, was appropriate in this case until after Graham filed his amended complaint and Defendants had the opportunity to address the amended allegations.

Graham filed his Amended Complaint on June 2, 2006. Defendants' filed the instant Motion to Dismiss the Amended Complaint on June 16, 2006, and a partial answer to Graham's Amended Complaint on June 19, 2006. Graham filed his response to the motion and this order follows.

**STANDARD OF REVIEW**

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, Courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the plaintiff to relief. *Chaney v. Suburban Bus. Div.*, 52 F.3d 623, 627 (7th Cir. 1995); *Venture Associates. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

**DISCUSSION**

Defendants argue that Graham's retaliation claim against the Illinois Department of Rehabilitation Services ("IDRS") should be dismissed because Graham improperly seeks to base his Title VII claim on alleged incidents that were not included in his EEOC charge. Defendants also argue that Graham's request for an injunction ordering it to transfer Graham from the IDRS to the Illinois Department of Child and Family Services ("DCFS") is not a form of relief authorized by Title VII.

Graham responded to Defendants' argument by informing the Court that Graham has already been transferred from IDRS to DCFS. Accordingly, Graham concedes that the Court should grant Defendants' Motion to Dismiss this claim. Accordingly, Defendants' Motion to Dismiss Graham's request for an injunction is granted.

With respect to Graham's Title VII claims, IDRS argues that Graham's claim should be dismissed because the alleged incidents of retaliation and discrimination were not included in his EEOC charge. In response, Graham argues that the Court should not dismiss his claims because

3

as a lay person, Graham relied on the Illinois Department of Human Rights for assistance in preparing the his EEOC charge and therefore it is necessary for the Court to review the intake questionnaire that Graham completed with the Illinois Department of Human Rights to ascertain the full scope of the EEOC charge. Defendant argues that the EEOC charge is the only document that is relevant to determining the scope of allegations and that it is inappropriate to refer to the intake questionnaire. Both Defendant and Plaintiff cite various Seventh Circuit cases as support for their positions. In reviewing the cases and making all inferences in favor of Graham, it appears that the Court would benefit from additional discovery on this issue to help the Court to determine the exact circumstances surrounding the filing of Graham's charge. Accordingly, the Court finds that the prudent thing to do is to deny Defendants' motion to dismiss and allow this claim to proceed to discovery. In making this ruling; however, the Court is not ruling that the intake questionnaire will be taken into consideration. Rather, on summary judgment, the Court will be tasked with first determining whether Graham has set forth evidence to prove that a review of the intake questionnaire is warranted in this case. Only if the Court determines that it is appropriate to consider the questionnaire will the Court review the document to determine if Graham's claims were included in the questionnaire.

Defendant's final argument is that Graham's discrimination claim should be dismissed because Graham's EEOC charge does not include allegations of an adverse employment action. Specifically, in his EEOC charge, Graham only alleges that IDRS discriminated against him by subjecting him to negative employment evaluations. In his Response, Graham acknowledges that negative employment evaluations alone are not actionable adverse employment actions; however, Graham urges the Court to deny the motion because of the possibility that Graham included additional allegations of an adverse employment action in his intake questionnaire.

4

However, because it is not clear at this stage in the litigation whether it is appropriate to look outside of the EEOC charge and take into consideration the items listed in the intake questionnaire, Defendants' Motion must be denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss the Amended Complaint [#17] is GRANTED IN PART and DENIED IN PART.  The Motion to Dismiss is granted with respect to Graham's request for an injunction and denied with respect to Defendants' arguments that Graham's Title VII allegations are outside the scope of the EEOC charge and that they fail to adequately allege an adverse employment action.

ENTERED this 31st day of July, 2006.

                                                    s/Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge